JAMES S. NORMAN, trustee, *vs.* TRUEMAN B. TOWNE & others.

Suffolk.     March 17. — Dec. 14, 1880.     AMES & LORD, JJ., absent.

Land was conveyed, by a deed duly recorded, to a person in trust, with power to sell the estate, provided it be for the benefit of the *cestui que trust* so to do and to reinvest the proceeds. The trustee made a deed, purporting to convey the land, in consideration of one dollar and other valuable considerations, his grantee mortgaged the land and reconveyed it to the trustee, subject to the mortgage, and the mortgagee, after these deeds were recorded, assigned the mortgage. *Held*, that the recital in the deed from the trustee was not sufficient notice to the assignee that the trustee was not acting in accordance with the power conferred upon him; and that the assignee was not bound to ascertain whether the trustee had reinvested the proceeds derived from the transaction.

COLT, J. The plaintiff in this bill asks to have a mortgage, which was assigned to and is now held by the defendant Mrs. Sheppard, declared void. The land on which the mortgage was given was originally held in trust by the defendant Towne, under a deed which gave him power to sell the whole or any part thereof, and give a good title thereto, provided it be for the interest of the *cestuis que trust* so to do, and to hold the proceeds to be reinvested on the same trusts. Under the power, Towne conveyed to Arnold, who gave a mortgage to Mrs. Brigham, and then conveyed the estate back to Towne subject to the mortgage. This mortgage was afterwards assigned by Mrs. Brigham to Mrs. Sheppard, and is the one now in dispute.

The bill alleges that the deed of Towne to Arnold, the mortgage to Mrs. Brigham, and the deed from Arnold to Towne, were made for the purpose of evading the provisions of the trust deed, and in violation of its terms; and that the deed to Arnold

was merely colorable, for the purpose of placing a mortgage on the property, instead of selling it, as required by the deed of trust. The amended bill charges that Mrs. Brigham took the mortgage, and Mrs. Sheppard became assignee of it with notice of the trust and of the facts alleged in the bill.

The case was heard upon pleadings and proofs, and the decree of the single judge dismissing the bill must be affirmed, unless on the evidence and facts reported we can see that a decree against the present holder of the mortgage should have been entered. The answers, which are all under oath, deny that the mortgage was taken or assigned with knowledge or notice that Towne's conveyance to Arnold was made in violation of his trust; and this denial, in our opinion, is not controlled by the evidence.

The power of sale contained in the trust deed is not dependent in terms upon the performance of a condition precedent. The trustee in the execution of the power is himself the judge of what is for the interest and benefit of the *cestuis que trust*, and failure to invest the proceeds as required is a failure to do an act which must necessarily be subsequent to the sale. The title of the purchaser did not therefore depend upon the faithful application by the trustee of the purchase money received by him. *Ashton* v. *Atlantic Bank*, 3 Allen, 217. Perry on Trusts, §§ 785, 786 *a.* When the trust is defined in its object, and the purchase money is to be reinvested upon trusts that require time and discretion, or the acts of sale and reinvestment are contemplated to be at a distance from each other, the purchaser is not bound to look to the application of the purchase money; for, as it is said, " the trustee is clothed with discretion in the management of the trust fund, and if any persons are to suffer by his misconduct, it should be rather those who have reposed confidence, than those who have bought under an apparently authorized act." Story, J., in *Wormley* v. *Wormley*, 8 Wheat. 421, 443.

The record of the trust deed is by our statute made equivalent to actual notice of the trust, to all persons claiming under a subsequent conveyance. Gen. Sts. *c.* 100, §§ 20, 21. But a purchaser in good faith is only required to ascertain by reference to the deed that the trustee did not exceed his powers as therein defined.

In the present case, the deed from the trustee to Arnold is an absolute conveyance .of the whole estate, and such as the trustee had full power to execute upon a sale made by him. The assignee of the mortgage was not bound to ascertain, at her peril, whether it was·in fact a sale upon which the trustee actually received the money; and her title cannot be defeated; unless she had actual or constructive notice of the alleged fraud. It is contended that the recital in the deed, that it was given in consideration of one dollar and of other valuable considerations, is either actual or constructive notice that the trustee received no money for the deed, and that it was given in violation of the trust. But this recital cannot be regarded as actual or positive notice of the fact charged, because, assuming that a subsequent purchaser is to be affected by it under our registry law, still the language does not necessarily import misconduct in the trustee, or that there was an absence of consideration. It is entirely consistent with the fact that the consideration was received in securities taken by the trustee as a valid change of investment, and in fulfilment of the trust. And although the fact that the actual consideration is not stated in the usual form may be competent, in connection with other evidence, to show that the purchaser was by all the circumstances put upon inquiry, and therefore is chargeable with constructive notice, yet the recital alone is plainly not enough to raise in law a conclusive presumption of notice. *Rogers* v. *Jones*, 8 N. H. 264. 1 Story Eq. § 399. *Briggs* v. *Rice*, *ante*, 50. It is said that the recital in a deed of a fact which may or may not, according to circumstances, be held to amount to fraud, will not affect a purchaser for valuable consideration denying actual notice of the fraud. Sugd. Vend. & Purch. (14th ed.) 546. *Jones* v. *Smith*, 1 Hare, 43.

In this view of the case, as no decree is asked for against the other defendants, it is not necessary to inquire whether the trustee by his conveyance to Arnold is to be treated as having violated his trust.                    *Decree affirmed.*

*M. Storey*, for the plaintiff.

*C. R. Train*, (*J. O. Teele* with him,) for the defendant Sheppard.