ROBERT POPE *vs.* ISAAC D. FARNSWORTH, executor.

Suffolk. January 25, 1888. — March 3, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Will — Devise and Legacy — Trust — Interest.*

If a testator by his will gives the income of a legacy to his son and to his son's wife, and provides that upon their death the legacy is to be paid over by the executor, " with interest and income to their son R. for his own use and on the decease of the said R., if he dies without children as he is unmarried," to the residuary legatee, R., who survives his parents, is married, and has children, has an absolute right to the legacy.

A beneficiary may authorize his trustee to do what otherwise would be a breach of trust, or release and agree to hold him harmless for such an act after it is done.

An executor, after making payments out of a trust fund and depositing the balance with a trust company for the benefit of a life tenant, to all of which the remainder-man agreed, made a further payment out of the fund, without his knowledge or agreement, to secure more frequent payments of income to the life tenant. After the latter's death the remainder-man made a demand upon the executor for the fund, stating that the trust company, which had agreed to repay the fund to the executor within sixty days of proof of the life tenant's death, was ready to pay it over. *Held,* that the remainder-man could not recover for the

payments assented to by him, but that the executor was liable for the fund as undiminished by the unauthorized payment. *Held, also,* that interest was recoverable on the latter payment from the life tenant's death, and on the balance of the fund from the date of the demand.

CONTRACT, under the Pub. Sts. c. 136, § 19, against the surviving executor of the will of Paschal P. Pope, for a legacy of $20,000 given to the plaintiff by the will, which was dated May 1, 1866. Writ dated August 14, 1885. The defendant died on January 16, 1886, and Charles A. Prince, who was appointed administrator with the will annexed of the estate of said Pope, was admitted to defend the action.

The case was submitted to this court on an agreed statement of facts, in substance as follows :

The will contained the following provision : " To Mr. Robert Pope, now of South Windsor, State of Maine, I give and bequeath the interest and income of twenty thousand dollars during his life to be paid him on his receipt made at the time, or on the receipt of his wife made at the time, if he should be unable to give it from infirmities he may then be suffering under, and to enable my executors to do this I direct that they shall deposit twenty thousand dollars in the Massachusetts Hospital Life Insurance Company. My executors will in this case consider the income of this twenty thousand dollars at the disposal of said Robert Pope or of his wife and on the decease of both they will pay over the said twenty thousand dollars with the interest and income to their son Robert Pope for his own use and on the decease of the said Robert, if he dies without children as he is unmarried, my executors shall pay over the said twenty thousand dollars to the person who shall be made by this will my residuary legatee."

On April 25, 1867, the executors under the will, having reserved out of the $20,000 the sum of $800 for the payment of a legacy tax, supposed to be due and payable, deposited with the Hospital Life Company the balance of $19,200, under a trust agreement which provided for the yearly payment by the company of the income of the trust fund to the life tenants. On September 1, 1867, the executors paid out of the $800 so reserved, $289.64 as a legacy tax, and $491.52 to the life tenants, under an agreement under seal, dated September 18, 1867, and

executed by them and by the plaintiff, which, after reciting the above deposit and payments, and that they were made at his and their " especial instance and request," proceeded as follows: " Now in consideration of the premises we the said Robert Pope, Julia C. Pope and Robert Pope, Jr., do jointly and severally covenant and agree to indemnify and save harmless the said executors from all other claims on said fund and do acknowledge that the above payments are in full and entire satisfaction and discharge of said legacy and every part thereof; and they further agree to pay any further legacy or succession duty or tax that may be hereafter assessed upon said fund or any part thereof and to indemnify said executors against the payment of any such duty or tax, hereby ratifying all the doings of said executors in relation to said legacy." At the same time the executors, desiring to secure quarter-yearly payments of the income of the trust fund instead of the yearly payment provided for by the trust agreement, made, without the knowledge or subsequent agreement of the plaintiff, a further payment to the insurance company of $318.84, of which $300 was taken out of the $19,200 already deposited with the company, and $18.84 was the balance of the $800 remaining in their hands. The trust agreement was thereupon cancelled, and the balance of the fund, amounting to $18,900, was re-deposited by the executors with the insurance company under a second trust agreement, which provided for such quarter-yearly payments of the income, and that " in sixty days after proof of the decease " of the life tenants the principal sum, and all interest then due, should be paid over to the executors, or their successors, to be by them disposed of according to the provisions in the will.

Robert Pope, senior, died on July 14, 1870, and Julia C. Pope, his wife, died on May 9, 1885. The plaintiff who was a resident of Gardiner, Maine, and was married on June 4, 1868, and had two children born of that marriage living, made a demand on the defendant, as surviving executor, for the payment of the legacy of $20,000, on June 18, 1885, and again on June 29, 1885, by letters of the same tenor, which stated that " the Massachusetts Hospital Life Insurance Company informs me that the money deposited with them is ready for payment by them to you, and moreover that interest thereon is stopped." On May 28,

1886, the administrator with the will annexed surrendered the second trust agreement to the insurance company, and received therefor the sum of $18,976.12, principal and interest due thereon.

If the plaintiff was entitled to maintain his action, judgment was to be entered for so much of the principal sum of $20,000 as the court should order, with interest thereon from the date of the last payment of income to Julia C. Pope to the date of her death, and interest thereon from the date of her death on May 9, 1885, or from the date of demand, as the court might determine, to the date of judgment, less such payments on account of interest as had been made by the administrator with the will annexed, the latter, as well as the rate of interest from April 1, 1885, to the death of Julia C. Pope, to be determined by an assessor, unless the parties could agree thereon. If the plaintiff was not entitled to maintain this action, such decree might be entered as to the disposition of the principal sum found to be due, and to preserve the rights of the parties thereunder, as equity might require; or, if he was not entitled to this legacy as absolute owner thereof, the court might make such decree for the purpose of ascertaining the fitness of Robert Pope to receive the same, with or without security, as might seem proper."

*R. D. Smith & R. D. Weston-Smith,* for the plaintiff.

*R. Grant,* for the defendant.

HOLMES, J. This is an action for a legacy of $20,000, brought under the Pub. Sts. c. 136, § 19. The main question is whether the plaintiff, Robert Pope the younger, has an absolute or defeasible interest under the will of Paschal P. Pope. The will provides, that, on the decease of both Robert Pope and his wife, to whom the income of the fund was given for life, the testator's executors " will pay over the said twenty thousand dollars with interest and income to their son Robert Pope for his own use and on the decease of the said Robert, if he dies without children as he is unmarried, my executors shall pay over the said twenty thousand dollars to the person who shall be made by this will my residuary legatee." The plaintiff has survived his parents, is married, and has children.

We are of opinion that the interest of the plaintiff is absolute, and that the provision in case he dies without children is only an

alternative direction as to the person to whom the executors shall pay over the fund when the life tenants shall have died, and the contemplated moment comes for terminating the trust and paying over the principal. The governing thought in the sentence is, that at the death of the life tenants the fund is to be paid over; if Robert Pope, the son, is then alive, it is to be paid to him; if he has died without children, it is to be paid to the residuary legatee. Only one payment and only one time for payment are contemplated. It is not intended that, if the executors should have paid over once to Robert Pope, the son, they should get back the fund in a certain event thereafter, and pay it over a second time. Our construction is confirmed by the words in which the payment to the plaintiff is directed: "the said twenty thousand dollars with the interest and income . . . for his own use." These words express an absolute gift unequivocally. Capital as well as income is to be for his own use, if it is paid to him. Such a direction is hardly consistent with a construction of the next clause which would subject the fund to a contingent executory limitation over at his decease, in favor of the residuary legatee. See *Olivant* v. *Wright*, 1 Ch. D. 346; *O'Mahoney* v. *Burdett*, L. R. 7 H. L. 388, 397, 406; *In re Luddy*, 25 Ch. D. 394.

It is true that the words "and on the decease of said Robert," taken by themselves, look to his death at any time; but in view of the rest of the sentence, and the consequences of the different constructions contended for, we should read that and the following language as meaning "or in the event of Robert having died without children before that time," &c.

There may be a question whether the phrase "as he is unmarried" is to be read as merely explaining why the possibility of Robert's death without children is contemplated, or whether it still further qualifies the contingency, so that the sentence means in case of the death of Robert without ever having had any children because of his being unmarried or while unmarried. The last mentioned event can never happen, as Robert has married and has children. But as the plaintiff must recover for the reasons first given, it is unnecessary to consider this or other questions suggested by the clause.

The executors paid about eight hundred dollars of the princi-

pal, partly for a legacy tax and partly to the tenants for life. The plaintiff then executed a sealed instrument, reciting that these payments (stated to be $308.48 and $491.52) and an investment of $19,200 in the Massachusetts Hospital Life Insurance Company were made at his request, covenanting to save the executors harmless from all other claims on the fund, acknowledging that the payments recited were in full satisfaction of the legacy, and ratifying all the doings of the executors. The plaintiff must stand to his agreement. There is no illegality in a *cestui que trust* authorizing an act which otherwise would be a breach of trust towards himself, or in his releasing or agreeing to hold harmless his trustee for such an act after it is done.

No authority or release is shown, however, for diminishing the capital directed to be deposited in the Hospital Life Company by $300 in order to secure quarterly instead of annual payments to the tenants for life. This sum must be added to the amount to be recovered.

As the contract with the Hospital Life Insurance Company was directed to be made by the will, and was accepted by the plaintiff in full satisfaction of his legacy, we think that the executors should not be charged with interest upon $18,900 after the death of Julia C. Pope, when it ceased to be paid by the company, until such time as they reasonably could have obtained and paid over the fund. The contract gives the company sixty days after proof of death. If, as stated in the demand, the company was ready to pay when the demand was made, interest may be allowed from that time. Interest will be computed upon the $300 misapplied from the date of Julia C. Pope's death. The payments heretofore made will be allowed as agreed.

*Judgment for plaintiff for $19,200, and interest, to be determined by an assessor.*