KOEHNKEN, IN RE.

1. TRUSTEE RELEASED FROM LIABILITY FOR MISAPPLICATION OF TRUST FUNDS BY ACQUIESCENCE OF BENEFICIARY.

Acquiescence on the part of a cestui que trust in a wrongful conversion of trust funds by a trustee will operate to release the trustee as such, and his bondsmen, from liability to such beneficiary.

2. EXECUTOR'S ACCOUNT NOT OPENED FOR CONVERSION OF TRUST FUNDS WHEN SAME WAS ACQUIESCED IN BY CESTUI QUE TRUST.

A petition for citation against an executor alleging that certain bonds which came into his possession as executor were never delivered to the beneficiary according to the terms of the distribution, does not state facts sufficient to open the account of the executor for fraud or manifest error under the provisions of Rev. Stat. 6190 (Lan. 9732), where it appears that the beneficiary acquiesced in the misapplication of such bonds by the trustee.

ERROR to Hamilton common pleas court.

O. W. Kuhn, for plaintiff in error.

Goebel & Bettinger, for defendant in error.

## GIFFEN, J.

This action was originally commenced in the probate court upon a petition for citation against Herman H. Koehnken, as administrator of the estate of John H. Koehnken, deceased, in which it was alleged "that among other things there came into his hands as such administrator a large amount of United States bonds. That in a distribution, which was made about June 3, 1899, of said bonds the share of the widow, said Anna C. Koehnken, of said bonds was $6,000 and was then and there to be delivered to said Anna C. Koehnken, but as this petitioner is informed and believes said bonds were never in fact delivered to said Anna C. Koehnken."

Koehnken, In re.

The probate court and common pleas court treated the citation as an application for leave to open up the account filed by said administrator, June 23, 1899, in said probate court, and as an exception thereto.

It is now claimed that the petition does not state facts sufficient to constitute a good cause of action, inasmuch as it contains no allegation of fraud nor of manifest error, as required under Rev. Stat. 6190 (Lan. 9732). It is admitted by the administrator that he wrongfully converted the bonds to his own use by pledging them as collateral security for a loan in the Equitable National Bank; and that the receipt taken by the administrator from Anna C. Koehnken and filed with the probate court in the final settlement of his account showed a payment of $7,641.24, whereas in fact only $831.24 was paid. While the petition and the finding of the common pleas court fail to show any actual fraud on the part of the administrator, they do show a manifest error, unless otherwise explained. The theory of the defense was that Anna C. Koehnken acquiesced in and ratified the wrongful act of the administrator, and looked to him as an individual for the restoration of the bonds or the payment of their value in money.

Upon this issue, the court of common pleas made no finding, but we think the evidence warrants the conclusion that, although at the time when she executed the receipt she may not have known that the bonds had been pledged and were beyond the control of the administrator, she a short time thereafter was fully informed of the facts and acquiesced in and ratified the act of the administrator. This is evidenced by the testimony of the administrator himself, which to some extent is corroborated by the testimony of Emma C. Koehnken, a daughter of Anna C. Koehnken; and by the fact that although Anna C. Koehnken survived for a period of eighteen months after the account of the administrator was settled in the probate court, she took no action during her lifetime to impeach the account of the administrator or otherwise charge him as a trustee with the obligation to return the bonds or their value. That the acquiescence of a beneficiary in a wrongful application of a trust found by a trustee releases the trustee as such and his sureties from liability to the beneficiary has been decided in the cases of *Pope* v. *Farnsworth,* 146 Mass. 339 [16 N. E. Rep. 262], and *Dyer* v. *Riley,* 51 N. J. Eq. 124 [26 Atl. Rep. 327].

We hold therefore that the judgment of the court of common pleas is not sustained by sufficient evidence, and will be reversed, the cause being remanded for a new trial.

**Jelke** and **Swing, JJ.,** concur.