Margaret S. Coates, trustee, *vs.* Ezra Lunt & others.

Essex.    November 8, 1911. — November 29, 1911.

Present: Rugg, C. J., Hammond, Braley, Sheldon, & DeCourcy, JJ.

*Equity Jurisdiction,* To complete an imperfect exercise of a power. *Power. Trust,* Purchase of trust property by trustee. *Statute of Frauds.*

Where one, who by the provisions of a will is given property in trust with a power to convey it, makes an attempt to carry out a fixed intent to execute the power by a conveyance for a sufficient consideration and the attempt falls short of accomplishing the purpose by reason of some defect in the instrument of conveyance, the person, to whom the property was attempted to be conveyed, by a suit in equity may compel a complete performance of the power if no rights of other persons with superior equities have intervened.

By the provisions of a will several parcels of real estate were given to two sisters under a trust to pay the income to themselves during their lives, with remainders over to their respective children and with a power, if by reason of misfortune either of them needed more than her net share of the income, to sell any and all of the real estate and to convey it by good and sufficient deeds.

One of the sisters became needy and the two decided to sell one undivided fourth part of a certain parcel. To carry out their purpose the needy sister sold to the other sister her interest in the property, receiving $1,250, which was the fair value of the property, signing before witnesses and giving to her sister an instrument reading as follows : " I have received $1,250 from [my sister] in payment for the quarter interest in store number 32 Market Square which I own and relinquish to her." The writing was intended by both sisters as a valid and binding execution of the power in the will and was intended and was believed by them legally to vest the title in the sister to whom it was given. After the death of both of the sisters, one, who would have been entitled to the land if the conveyance had been made formally, brought a bill in equity against persons who under the will held the title to the land in the absence of a completed conveyance, and averred the foregoing facts. *Held*, that the plaintiff was entitled to relief in equity, since all of the elements existed which entitled the plaintiff to have the exercise of the power completed, and there were no rights of other persons intervening.

Where by the provisions of a will certain real estate was given in trust to two sisters to pay to themselves the net income thereof for their comfortable maintenance, with a power, in case either of them by reason of misfortune should need more than the net income, to sell the property at public or private sale, and one of the sisters comes to need more than her share of the net income, the other sister, if she pays an adequate price therefor, may purchase the needy sister's interest in a part of the trust estate without violating the equitable rule forbidding one who holds property in a fiduciary capacity from becoming a purchaser thereof.

The statute of frauds does not prevent the giving of relief in a suit in equity to compel the completion, by a formal conveyance of land, of an imperfect execution of a power under a will where there has been a valid sale of the land, the consideration has been paid, a receipt adequately stating the terms of the sale has been given by the intended grantor to the intended grantee, and both parties thought that the writing given was a sufficient formal conveyance of the property.

RUGG, C. J.   This is an appeal from a decree * sustaining a demurrer and dismissing a bill in equity.   The bill alleges that Mary S. Greenleaf by will devised real estate to her two daughters, Ellen M. Carter and Sarah C. Lunt and the surviver of them, in trust, to apply the net income thereof " to their own use and enjoyment in equal proportions during their natural lives, but should they or either of them by reason of misfortune need more than the net income thereof or her share thereof for their or her comfortable maintenance, in such case I hereby authorize and empower them as my trustees under this my will to sell and convey by good and sufficient deeds . . . by public or private sales, for such sums of money and to such person or persons as they may decide upon, any and all my real estate," with remainder of income, upon the decease of either, to her children,

---

* By *Sanderson,* J.

and remainder after decease of both to their children.   During the lives of the daughters, Sarah " by reason of misfortune, needed more than the income of the estate " and the daughters decided to sell one undivided fourth part of certain real estate for her support.   To carry out this purpose, the daughter Ellen paid to her sister Sarah $1,250 for said interest, which was a fair price, and received from her an instrument of the following tenor:

" Newburyport.

" I have received $1250. from Ellen M. Carter in payment for the quarter interest in store numbered 32 Market Square which I own and relinquish to her.                                        her

Sarah   x   Lunt.

" Witness   Jan. 17, 1905.                                        mark

Margaret S. Coates

Mary F. Collins."

Thereupon Ellen had the use and enjoyment of the income of this quarter interest, and paid the repairs, insurance and taxes during her life.   The bill further alleges that the writing was intended by the two daughters " as a valid and binding execution of the power in said . . . will . . . and was intended by and supposed by them to legally vest the title thereto in said Ellen M. Carter."   Both daughters are now deceased, and this suit is brought by the trustee under the will of Ellen M. Carter against the children of Sarah C. Lunt, praying for a conveyance in due form of the undivided fourth of real estate described in the instrument.

It is plain that the will conferred upon the daughters as trustees ample power to convey the fee to the real estate, provided the income was insufficient for the support of either, and it became necessary to sell for their comfort, and they were made the judges of the necessity.   Under the allegations of the bill, which in this discussion must be taken to be true, occasion existed for the exercise of the power, and it would have been possible for the trustees by proper instrument to have made a sale.   The bill alleges an intent on the part of the trustees to exercise the power and a belief on their part that the paper signed by Sarah was a complete execution of the power, and a surrender of possession by Sarah to Ellen, who thereupon entered into control

and exercised the functions of ownership over the estate during her life.

Relief in equity is sought to perfect an execution of the power. Defective execution of powers constitutes a ground for equitable relief. The elements necessary for its exercise are that there should be a fixed intent to execute the power upon a sufficient consideration and an attempt to effectuate that intent, partial in its nature and falling short of accomplishing the purpose by reason of some defect in the instrument by which the attempt is made. Where these elements exist equity will compel complete performance of the power, provided no rights of other persons having superior equities have intervened.

All these elements and more are alleged in the case at bar. The necessities of the daughter Sarah required the execution of the power. There was an intent on the part of both the daughters to exercise the right of sale conferred by the will. The fair value of the property was paid by the testatrix of the plaintiff to her sister. There was executed and delivered an instrument which contained a description of the property sufficient for identification, and which, read in the light of the conditions under which it was executed and delivered, shows on its face, although in language of extreme informality, a belief that it constituted an execution of the power. The rational construction to give the instrument is that it manifests an intent to convey the fee of the property which could be conveyed only in execution of the power. It is difficult to attach any intelligent meaning to it except an attempt to execute the power. This interpretation is confirmed by the circumstances alleged, especially by the payment of a fair purchase price and by a change of possession and by an entry into occupation followed by the usual acts of ownership. Although the instrument is signed by only one of the daughters, and it may be assumed that a strictly legal execution of the power would have required the signature of both as the trustees, (*Morville* v. *Fowle*, 144 Mass. 109,) yet in equity the allegation that both intended it to constitute an execution of the power and supposed that it was such is sufficient. The omissions and incompleteness of this instrument are not of such a nature as to negative the inference that it was intended and assumed by all the parties to operate as a complete execution.

Hence there is no reason to deny equitable relief. The children of Sarah C. Lunt were given a vested remainder under the will of the testatrix, but it was liable to be divested by the exercise of the power for the purpose set forth in the will. Their rights as devisees were subject wholly to the necessities of either or both of the donees of the power. The written instrument was not a mere contract to execute a power at some time in the future, but was itself the evidence of an attempted execution of the power. Therefore, the bill shows no equity in the remaindermen superior, but in truth one subsidiary to that alleged to exist in the plaintiff.

It is urged that the attempted execution of the power, being by one of the trustees to the other, is obnoxious to the well settled rule that no one can be the purchaser of property held by him in a fiduciary capacity. But the donees of the power were not merely trustees, they were also the chief beneficiaries. When the occasion arose for the exercise of the power, the one whose necessities were thereby to be relieved became as to the share to be sold the sole beneficiary. There is no rule which prevents a trustee from dealing directly with the *cestui que trust.* If the transaction is fair and open and no advantage is taken, it will be upheld. *Brown* v. *Cowell*, 116 Mass. 461. The allegations of the bill are within this principle.

The statute of frauds is not applicable to the case of an executed contract. But even if that defense was open, the description signed by Mrs. Lunt was ample to satisfy the requirements of that act. The demurrer should have been overruled.

*Decree reversed.*

*N. N. Jones*, for the plaintiff.
*E. E. Crawshaw*, for the defendants.