**DODGE et al. v. DODGE et al.**
No. 3393.

Circuit Court of Appeals, First Circuit.
March 25, 1939.

Edward W. Bradford, of Providence, R. I. (Henry M. Boss and Arthur Cushing, both of Providence, R. I., on the briefs), for appellants.

Sumner H. Babcock, of Boston, Mass. (Bingham, Dana & Gould, of Boston, Mass., on the brief), for appellees.

Before BINGHAM and WILSON, Circuit Judges, and PETERS, District Judge.

WILSON, Circuit Judge.

This is an appeal from a decree of the District Court of Massachusetts dismissing a bill in equity brought by Charles J. Dodge, Samuel R. Dodge and Helen F. Ernst, each of the town of Barrington in the County of Bristol in the State of Rhode Island, against Frank C. Dodge of the town of Wareham in the County of Plymouth in the Commonwealth of Massachusetts, and Jeanne Dodge, wife of the said Frank C. Dodge, of said Wareham, now commorant in the Republic of France, Lester W. Jenney of the town of Mattapoisett in said County of Plymouth in said Commonwealth of Massachusetts, and The Hills Brothers Company, a corporation organized and existing under the laws of New York and located and doing business in the town of Plymouth in said Commonwealth, a citizen of the State of New York, within the meaning of the laws fixing and determining the jurisdiction of this court of the parties to this suit. The bill seeks to compel The Hills Brothers Company to restore certain real estate situated in the town of Wareham in the Commonwealth of Massachusetts to the plaintiffs and said Frank C. Dodge, as heirs at law of the late John W. Dodge.

The facts leading up to the suit are as follows: In 1929 John W. Dodge, the father of Charles J. Dodge, Samuel R. Dodge, Helen F. Ernst and Frank C. Dodge, was the owner of certain parcels of real estate and personal property partly located in Wareham in said Commonwealth and in part in Barrington in the State of Rhode Island. On April 26, 1929, John W. Dodge, then nearly eighty years of age and somewhat infirm physically, but of sound mind, conveyed to his two sons, Charles J. Dodge and Frank C. Dodge, all his real estate situated in the Commonwealth of Massachusetts or in the State of Rhode Island, and all his personal property, and at the same time Charles J. Dodge and Frank C. Dodge executed a declaration of trust by which they agreed to hold said property in trust for the benefit of said John W. Dodge.

The provisions of the declaration of trust pertinent to this suit are as follows: The trustees may carry on the cranberry business heretofore conducted by John W. Dodge and farm and cultivate the real estate held by them. They may sell or exchange any or all of the trust property on such terms as they see fit. They may make any contracts they see fit concerning the same.

The trustees in all respects to have as full power over the trust property as if they were the actual owners thereof, the scope of this general power being in no way limited by the specific powers therein enumerated. The trustees' decision in all transactions involving the exercise of their discretion shall be binding on the world, even if they or any of them have a personal interest in the exercise of such discretion.

No trustee shall be responsible, except for a wilful breach of trust, and no trustee shall be responsible except for his own acts.

Either trustee may resign at any time and the beneficiary may in his sole discretion remove any trustee and may fill any vacancy created by the resignation or removal of that trustee, and may alter or amend the declaration of trust and may authorize or direct any action on the part of the trustees within the scope of the powers herein vested in them. A removal of a trustee and any resignation of a trustee shall be in writing signed and acknowledged by the beneficiary, or by the trustee who resigned. No such action by the beneficiary and no resignation by a trustee shall be effective until recorded in the Registry of Deeds for the said County of Plymouth in the Commonwealth of Massachusetts and in the Town Hall of Barrington in the State of Rhode Island.

The declaration of trust was duly executed by Charles J. Dodge and Frank C. Dodge and John W. Dodge also signed the declaration of trust, signifying his assent and approval of its terms, April 26, 1929.

The first action by John W. Dodge which led up to this suit was taken on or about November 1, 1929, when John W. Dodge, acting under the clause of the declaration of trust empowering him to remove one of the trustees in his sole discretion, removed Charles J. Dodge by a written statement signed and acknowledged by him, which written statement was recorded in

the Registry of Deeds for Plymouth County in Massachusetts, and in the Town Hall of Barrington in the State of Rhode Island, as required in said declaration of trust, and thereafter Frank C. Dodge, the remaining trustee, managed the trust property alone. What led John W. Dodge to remove Charles J. Dodge as one of the trustees does not clearly appear, although it is intimated some friction had developed between him and his father.

On August 19, 1930, John W. Dodge, the beneficiary, delivered an instrument in the form of a letter, which, however, he acknowledged before a notary public, to Frank C. Dodge, which reads as follows:

"Under the provisions of Paragraph (sic) 6, 7 and 8 of the declaration of trust for my benefit dated April 26, 1929, and recorded in Plymouth County Registry of Deeds in Book 1574, Page 523, I hereby authorize and empower you as trustee to convey to Jeanne Dodge (the trustee's wife) of said Wareham, free and clear of the provisions and terms of this trust, but subject, however, to any mortgages outstanding of record upon the land hereafter described, All my cranberry bogs in Wareham, Plymouth County, Massachusetts, located on both sides of the Marion Road," and more particularly described in the letter to Frank C. Dodge, but subject to an undivided half interest in John W. Dodge for life.

On the same day, August 19, 1930, Frank C. Dodge granted and conveyed to said Jeanne Dodge, his wife, of said Wareham, with trustee's covenants, the same property described in the letter from John W. Dodge to Frank C. Dodge, and a part of the premises conveyed by John W. Dodge to Charles J. Dodge and Frank C. Dodge in trust April 26, 1929. The grant to Jeanne Dodge by Frank C. Dodge, sole trustee, was made subject to an undivided one-half interest for life in and to John W. Dodge.

On the same day Jeanne Dodge granted the same premises to her husband, Frank C. Dodge, as an individual, subject to an undivided one-half life interest in John W. Dodge.

On October 16, 1930, by a practically identical form of letter from John W. Dodge to Frank C. Dodge, sole trustee, the latter was authorized to convey to Jeanne Dodge, his wife, free and clear of the provisions of the trust, but subject to any outstanding mortgages of record, and to an undivided one-half interest for life in John W. Dodge, all the real estate in Massachusetts, a part of the trust estate including certain uplands surrounding the cranberry bogs. At the same time Jeanne Dodge conveyed the same property to Frank C. Dodge as an individual.

As a result of these conveyances all the Massachusetts real estate formerly belonging to John W. Dodge and granted in trust to Charles J. Dodge and Frank C. Dodge now appeared of record in the name of Frank C. Dodge as an individual. On June 15, 1931, Frank C. Dodge and Jeanne Dodge conveyed to Lester W. Jenney the cranberry bogs and uplands to which Frank C. Dodge had acquired the record title by virtue of the above conveyances. John W. Dodge also signed the deed to Jenney, which contained the following provisions:

"I, John W. Dodge, being unmarried, release to the grantee my life interest and any interest I may have as beneficiary under any trust agreement or otherwise in the above granted premises."

This deed was duly acknowledged by the grantors and recorded June 17, 1931. On June 15, 1931, payment was made by Jenney in part by a purchase money mortgage for $36,600 to Frank C. Dodge as an individual which was duly recorded June 17, 1931.

On June 30, 1932, Lester W. Jenney conveyed a part of the real estate described in the above deed to him—consisting chiefly of the cranberry bogs—to The Hills Brothers Company, the other defendant in this case which now claims title to land described in Jenney's deed to it.

The defendants answered admitting the several conveyances described above, but setting forth numerous legal proceedings, which it is alleged by the defendants were brought for the purpose of harassing John W. Dodge during his lifetime.

Charles J. Dodge was removed as trustee on November 1, 1929, and Frank C. Dodge was appointed, or thereafter continued to act as sole trustee. On July 19, 1930, Charles J. Dodge, Samuel R. Dodge and Helen F. Ernst filed a petition in the Rhode Island Probate Court in Barrington for the appointment of a guardian of the person and estate of John W. Dodge, alleging that he was a person of unsound mind; a person who from want of discretion in managing his estate, so spends, wastes, or lessens his estate, or is likely to do so, that he may bring self and family to want or

suffering, or render self or family chargeable upon the town for support.

On September 16, 1930, the Probate Court entered a decree stating that after due consideration of the evidence and an examination of John W. Dodge, "he was adjudged competent to administer his estate." The petition was denied and no appeal was taken from the decree.

On September 15, 1930, the plaintiffs, Helen F. Ernst and Samuel R. Dodge, brought a bill in equity against John W. Dodge and Frank C. Dodge in the Rhode Island court alleging John W. Dodge was in feeble bodily health; that Charles J. Dodge was improperly discharged as trustee of his estate; that John W. Dodge had disposed of his property in event of his death by an instrument in writing; that he was not of sufficient mental capacity to execute this instrument, and that a guardianship petition was pending, evidently referring to the petition which was denied on September 16, 1930. On October 8, 1930, a preliminary injunction was denied and the case was terminated on November 20, 1930, by an entry by agreement of counsel: "Cause and Bill discontinued. No costs."

On March 14, 1931, Helen F. Ernst and Samuel R. Dodge brought another bill in equity against John W. Dodge, Frank C. Dodge and Jeanne Dodge in the Massachusetts Superior Court for Plymouth County, on substantially the same allegations as those contained in the case at bar. The bill was dismissed for want of prosecution; but on June 4, 1931, the order of dismissal was vacated and the bill on June 11, was referred to a master before whom a hearing was had. The master filed an extended report wherein he found that John W. Dodge was strong-minded, thrifty and keen, and that the deed given by Frank C. Dodge, and John W. Dodge to Lester W. Jenney was properly given for a sufficient consideration, and that John W. Dodge fully understood all the deeds and other instruments executed by him in the premises, and that he was not defrauded or subjected to undue influence, and that Frank C. Dodge and Jeanne Dodge acted to carry out his expressed wishes. A motion to confirm the master's report was filed, but no further action has been taken in this case up to this time.

On June 30, 1931, a new bill was brought in the Rhode Island Superior Court by Charles J. Dodge, Helen F. Ernst and Samuel R. Dodge against John W. Dodge, Frank C. Dodge and Jeanne Dodge. The allegations in this bill in equity for all practical purposes are the same as the case now pending in this court and include the same transactions. Answer was filed and hearings had and the court filed a rescript holding that the complainants, Samuel R. Dodge and Helen F. Ernst could not maintain the bill, since they were then only heirs apparent of John W. Dodge, and after holding that Charles J. Dodge was properly removed as trustee, and therefore he was then in the same general position as his brother Samuel and sister Helen, he had no standing to maintain the bill as complainant.

On December 4, 1931, a final decree was filed dismissing the bill. An appeal was taken, and the necessary steps to complete the appeal to the Supreme Court of Rhode Island were taken, but nothing further has been done in this suit.

Another petition to have a guardian for John W. Dodge appointed was filed in the Rhode Island Probate Court, and on March 1, 1932, the Rhode Island Hospital Trust Co. was appointed guardian. From this decree an appeal was taken and is still undisposed of.

John W. Dodge died in France in June, 1933. He left a will dated December 14, 1931. On February 28, 1935, the will of John W. Dodge was disallowed and the plaintiffs entered into a covenant with Frank C. Dodge and Jeanne Dodge "not to sue," which provides as follows:

"That we never will, and none of us ever will sue or attach at law or in equity the said Frank C. Dodge and Jeanne Dodge, or either of them, or prosecute any pending action at law or in equity against the said Frank C. Dodge and Jeanne Dodge, or either of them, for, on account of, any claims for money and/or personal property or for accounting arising out of the administration of the John W. Dodge Trust by said Frank C. Dodge as trustee thereof, or arising out of any other transaction, matter or thing whatsoever, and that these presents may be pleaded as a defense to any suit or action at law or in equity, or any other proceeding which may be brought or instituted or taken by us, or any one of us, against the said Frank C. Dodge and Jeanne Dodge, or either of them, or their estates in breach of this covenant.

"Nothing herein contained shall prevent the above named Charles J. Dodge, Samuel R. Dodge and Helen F. Ernst from instituting or prosecuting any suit in equity to com-

pel said Frank C. Dodge and/or said Jeanne Dodge to make any conveyance or reconveyance of any real estate situated in said Commonwealth of Massachusetts, or to have any deed or deeds conveying real estate in said Commonwealth of Massachusetts heretofore made by said Frank C. Dodge, individually or as trustee, under the said John W. Dodge Trust, and/or said Jeanne Dodge, cancelled and/or declared to be null and void."

The plaintiffs, however, seek no relief against any of the defendants in this suit except The Hills Brothers Company.

The second bill in equity in Rhode Island resulted in a final decree dismissing the bill. It is contended by the defendants that, notwithstanding an appeal from the decree, it operates as res adjudicata among the parties to the suit. The suit was within the jurisdiction of the Rhode Island court. Maladministration of a trust was alleged, as were fraud and undue influence. A removed trustee was seeking restoration under the trust agreement. The same issues as are involved in the instant case were actually tried. While the District Court held that the evidence did not warrant sustaining the plea of res adjudicata, the court held that the prior proceeding did constitute an equitable estoppel against the plaintiffs maintaining this suit.

The plaintiffs began to litigate in 1930, and during 1931 and 1932 were litigating the issues here involved in two courts at the same time. During this period of litigation instigated by the plaintiffs, two successive purchasers, defendants in the instant case, have acquired the property. The conveyance to the defendants Jenney and The Hills Brothers Company violated no injunction. No notice of lis pendens was recorded in the Registry of Deeds by the plaintiffs, even after they learned of the transfer to defendant Jenney. Defendant The Hills Brothers Company bought the property, relying on the record title, which gave no notice of any defect. The right to remove one of the trustees by the terms of the trust agreement cannot be gainsaid. All the parties having any interest in the cranberry bogs and uplands joined in the deed to Jenney.

The District Court made certain so-called substantive findings of fact, which are directly raised by the pleadings:

"That the terms of the so-called Trust Deed were complied with insofar as the form of authorization by the father John W. Dodge to the Trustee were concerned and pertaining to the conveyance complained of and that all requisite public records were made of such conveyances.

"That the discharge of Charles Dodge as Trustee was not at the instigation of Frank C. Dodge or Jeanne Dodge nor on account of any fraud or undue influence perpetuated or exerted by them or either of them but was for cause and that no new Trustee was appointed or designated in his stead.

"That the contents of all instruments in writing declared on in the Plaintiff's (sic) Bill of Complaint and purporting to be executed by John W. Dodge were fully known and understood by John W. Dodge, and that he, at the time of trial had no desire to change or vitiate them nor to avoid the legal consequences thereof and that they express his independent will.

"That Frank Dodge and Jeanne Dodge did not either separately or in concert, practice any fraud, active or passive, upon John W. Dodge and that they did not unduly influence him.

"That John W. Dodge at the time of the execution of the instruments complained of was of sufficient mental capacity to appreciate the contents thereof and to comprehend their purport, meaning and effect, and that he did in fact exercise his mental faculties to fully inform himself except as stated in paragraph F," in which case, as set forth in paragraph F, counsel explained the purport and effect of the instruments.

It cannot be said that the facts found by the District Court were clearly wrong. In every proceeding in which it was so alleged and brought to test John W. Dodge's mental capacity, unless in the last petition for guardianship, in which an appeal has been filed but no further action has been taken, it was either held that he was mentally competent to transact the business he did or the petition or bill in equity was dismissed. On the petition for the probate of his will it does not appear on what ground the petition was denied.

There can be no hardship in denying to the plaintiffs the right to litigate these issues again. They should not be permitted to change their position by abandoning prior proceedings to the damage of the defendant, The Hills Brothers Company, which bought the land relying on a record title which was perfect on its face. The District Court held that the elements of equitable

estoppel are present. Assuming for the present that the record title upon which The Hills Brothers Company relied was good, every principle of equity and justice denies relief to those who sleep on their rights, if any, as against innocent purchasers, and requires that such purchasers should not be further vexed with suits, the facts of which have already been twice ascertained against the parties bringing the suits by courts of competent jurisdiction, even though not in all instances finally disposed of. Having had knowledge that Frank C. Dodge, Jeanne Dodge and John W. Dodge had joined in a deed conveying the cranberry bogs to Jenney, the plaintiffs took no steps to notify the world of their claims by filing notice of any lis pendens in the Registry of Deeds in said Plymouth County.

The question was raised by the plaintiffs in several of the proceedings prior to this bill in equity that John W. Dodge was very old and feeble and not of sufficient mentality to transact the business conducted under the trust, but the Superior Court of the State of Rhode Island found that:

"Undoubtedly he is somewhat forgetful about recent events and is unable to remember distinctly all the details of the rather complicated transactions which have taken place in regard to his property. At the same time, in the judgment of the Court, he seems to have a fairly good grasp of the situation as a whole and, in the main, to understand what he has done and what has taken place. The respondent's acts were explained and supported by his own evidence and by the evidence of his attorney in Wareham, Mr. Lincoln, his physician, Dr. Stillman, and a banker, Mr. Whitcomb, who took the acknowledgments to many of the instruments in controversy."

Under the cases holding that a trustee cannot buy trust property individually from himself as trustee, directly or indirectly, there is a rule which is subject to qualifications equally as well established that a trustee may deal directly with a beneficiary and may purchase trust property, provided the transaction is fair and open and the beneficiary is fully informed, or prior to, or at the time or after the transaction, consented to it. Coates v. Lunt, 210 Mass. 314, 318, 96 N.E. 685; Pope v. Farnsworth, 146 Mass. 339, 344, 16 N.E. 262; Preble v. Greenleaf, 180 Mass. 79, 61 N.E. 808. A trustee, even with the consent of the beneficiary freely given after full disclosure,

may convey trust property from himself as trustee to himself as an individual. Warren v. Pazolt, 203 Mass. 328, 89 N.E. 381.

If we examine the transactions of August 19, 1930, and October 16, 1930, by which Frank C. Dodge, in accordance with the directions of the beneficiary under the trust, conveyed the cranberry bogs and the uplands to his wife, Jeanne Dodge, subject to a one undivided half interest in the beneficiary, John W. Dodge, and Jeanne Dodge at the same time conveyed the property to her husband, the said Frank C. Dodge, as an individual, the plaintiffs contend that these deeds themselves alone constitute a breach of the trust and gave notice of such breach. This contention, however, is not sound, since the declaration of trust provided that the beneficiary " * * * may authorize or direct any action on the part of the trustees not hereinbefore provided for, or direct action to be taken by the trustees within the scope of the powers hereinbefore given the trustees; * * *" and that "The Trustees' decision in all transactions involving the exercise of their powers shall be binding on all the world, even if they or any of them have a personal interest in the exercise of the discretion."

As a corollary to the general principle that a purchaser relying on a record title should not be required to go behind it except in unusual circumstances, we find the proposition equally well established that, where a trustee makes a deed of real estate which on its face purports to meet the requirements of the trust relative to conveyance of real estate, the purchaser relying on the record title is protected, even though the statements in the trustee's deed were false. Norman v. Towne, 130 Mass. 52; Swasey v. Emerson et al., 168 Mass. 118, 120, 46 N.E. 426; 60 Am.St.Rep. 368.

If The Hills Brothers Company had inquired, the inquiry would have disclosed that the beneficiary directed the trustee to make a conveyance to his wife and joined in it, and it would have also disclosed that when the trustee deeded to Jenney, the predecessor in title to The Hills Brothers Company, the cestui que trust had released all his interest in the property by joining in the deed to Jenney.

Accordingly we think that the record title does not show a breach of trust. It cannot be successfully disputed. Furthermore, as a matter of fact, no breach of trust was committed. The plaintiffs have twice tried to prove a breach of trust, one in

the suit in Massachusetts Court, and again in the Rhode Island Court. They failed both times. The District Court found that in the case now at bar they have not attempted to show a breach of trust.

Consequently cases in which there was an undoubted breach of trust and in which it was sought to charge remote purchasers by notice are not applicable here. Such cases would have been applicable if the plaintiffs, in addition to the evidence they produced in the instant case, had shown by other evidence that John W. Dodge was of unsound mind at the time, or was subjected to fraud or undue influence. This they have failed to do. They have shown nothing to the effect that the deeds were not exactly as the cestui que trust wanted them to be, after a full and fair disclosure to him by the trustee. They could not show anything to the contrary.

Assuming everything that the plaintiffs claim in regard to the transactions of August 19, 1930, and October 16, 1930, and assuming that Jenney was put upon notice as claimed by the plaintiffs, and that he was under a duty to make an inquiry or investigation, the recorded release by the beneficiary of all his interest in the trust property to Jenney is conclusive against the plaintiffs, in view of the several findings that John W. Dodge was competent to transact business. To perfect the record, a more effective release of all interest of the beneficiary in the premises could not have been drawn. There is no evidence in the case to upset it.

■ It follows that when on June 30, 1932, The Hills Brothers Company purchased the property from Jenney, the title was clear. The record showed no transaction that the beneficiary could then avoid. The record gave no constructive notice of any breach of trust, or actual notice of any court proceeding to question the conveyances on which its title rested. No duty to make an inquiry because a trustee-beneficiary transaction existed, since the beneficiary had released to a third party all his interest in the trust property and such release had been recorded. Norman v. Towne, supra. To hold otherwise would clearly violate the policy of the recording statute.

■ These plaintiffs stand in the shoes of John W. Dodge. It must be admitted that he could not on the facts shown deny his own recorded deed as against subsequent purchasers relying on the record title.

■ It follows also that, even assuming that Frank C. Dodge as trustee was chargeable with the burden of justifying the transactions of August 19, 1930, and October 16, 1930, nevertheless The Hills Brothers Company was under no duty to explain or justify those transactions. The burden of proving their case as against this defendant, which was the only defendant against whom relief was sought, rested upon the plaintiffs. As in the previous cases brought by them, they failed to sustain it.

■ Even if the decision of the Rhode Island Superior Court does not operate as res adjudicata, the conduct of the plaintiffs in prosecuting the previous bills in equity to the extent of getting unfavorable decisions from the master and the court, and in permitting these suits to remain inactive ever since, together with their failure to record any notice of lis pendens to warn prospective purchasers of the suits, or claims of the plaintiffs, should estop the plaintiffs from obtaining any relief in equity as to this defendant on the same causes of action, this defendant having bought the land in good faith relying on a good record title, without any notice of lis pendens or claims against the property.

■ Furthermore, assuming, in order to give the plaintiffs a possible standing in court, that the Rhode Island probate proceedings relative to the will of John W. Dodge are to be taken as resulting in a decree that John W. Dodge died intestate, the plaintiffs' only rights are as three of the four heirs of John W. Dodge. As such heirs they inherited only such rights as their father had in the land at the time of his death. Since their father released to Jenney all his interest in the land, they have no rights at all unless they can show (1) that Jenney obtained the release under such circumstances as to make it voidable, and (2) that The Hills Brothers Company is charged with notice of such facts. On these issues they are not helped by any theory of shifting the burden of proof on to one standing in a fiduciary capacity—because neither Jenney nor The Hills Brothers Company was acting in such a capacity. On the contrary, the burden of proof was on the plaintiffs, and since all they did was to prove that their father had released to Jenney, and then rested, the decree dismissing the bill is affirmed.

The decree of the District Court dismissing the plaintiffs' bill is affirmed.