MICHAEL W. DOWD *vs.* MARY LAWLOR.

Suffolk. March 10, 1921. — April 7, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Landlord and Tenant,* Tenant's liability for rent, Eviction.

A premature demand by a landlord for rent payable by a tenant at will in advance, and a refusal by the tenant, justifiable at that time, to comply with the demand, have no legal effect upon the right of the landlord to maintain without further demand an action for the rent after the date upon which it became due.

Where a tenant at will of real estate has agreed to pay rent in advance and has failed to pay it when it became due, the landlord is not required to make a demand as a condition precedent either to the maintaining of an action of contract for the rent or to the exercising of his right to terminate the tenancy under G. L. c. 186, § 12.

A landlord of premises, let by a tenancy at will to a tenant who had agreed to pay rent monthly in advance, also was mortgagee of certain furniture on the premises, and, four days after the tenant failed to pay the rent when it became due, gave to the tenant a notice in writing to quit in fourteen days and within fourteen days thereafter took formal possession of the mortgaged personal property on the premises and caused to be given to the tenant a letter, stating that he had "started to foreclose the mortgage of personal property" on the premises, and had "also taken possession of the same, and therefore you have no right to remove the furniture etc. . . . even though" the landlord "has given you notice to quit the premises." The tenant surrendered the keys of the premises after the conclusion of the month. At the trial of an action of contract for rent due, the defendant contended that the above facts constituted an eviction which, occurring within the month, relieved the tenant of any obligation to pay rent for that month. The judge found that there was no eviction. *Held,* that the finding was warranted as a finding of fact and a ruling of law.

CONTRACT, with a declaration as amended upon an account annexed for $80 with two items as follows: "(1) To use and occupation of premises at 29 Upton Street, Boston, Mass., from April 20, 1919, to May 9, 1919, as tenant at will, $47.50; (2) To use and occupation of premises at 29 Upton Street Boston, Mass. from May 9, 1919, to May 22, 1919, as tenant at sufferance, $32.50." Writ in the Municipal Court of the City of Boston dated May 22, 1919.

All the material evidence at the trial in the Municipal Court

is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. That upon all the evidence in the case the finding should be for the defendant.

"2. That if the plaintiff failed to prove that the amount alleged to be due from the defendant was not for necessaries as stated in the writ, the finding should be for the defendant.

"3. That if the plaintiff rented to the defendant the premises for a period of one month and payment of said rent was monthly and if the plaintiff had evicted the defendant from the said premises before the expiration of the month, he cannot recover any rent for the whole period of said month under the terms of the month as rented.

"4. That when the plaintiff notified the defendant that she cannot remove from the premises furniture which she owns and which are in the said premises, the same amounts to an eviction, if she was notified to vacate the said premises by the plaintiff.

"5. That if the plaintiff sues the defendant a woman, for necessaries and the said woman is married and has a husband living in the Commonwealth, before the plaintiff can recover he must prove that he has complied with the provisions of the statute as therein provided, before he can recover against the female defendant in an action for necessaries."

The rulings were refused. The judge found that the plaintiff did not evict the defendant from the premises and found for the plaintiff in the sum of $80, and, at the request of the defendant, reported the case to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*N. Barnett,* for the defendant.

*R. C. van Arminge,* for the plaintiff, was present, but stated that he did not care to be heard or to submit a brief.

PIERCE, J. This is an action of contract to recover for the use and occupation of certain premises at 29 Upton Street Boston, from April 20, 1919, until May 22, 1919, by the defendant as tenant at will and as tenant at sufferance of the plaintiff. The case is before this court on the appeal of the defendant from a decision, "Report dismissed," of the Appellate Division of the Municipal Court of the City of Boston.

The report discloses that on March 20, 1919, the plaintiff sold

to the defendant certain furniture and good will of a lodging house business at 29 Upton Street, Boston, for $1,000, receiving for the same the sum of $500 in cash and a mortgage for $500. It also discloses that the plaintiff on the same day demised by parol the premises at 29 Upton Street to the defendant at a rent of $75 per month, payable in advance; that the defendant paid one month's rent and received the following receipt: "March 20, 1919. Received of Mary Lawlor, seventy five dollars Rent of House No. 29 Upton St., for one month ending April 20, 1919. $75. . . . M. W. Dowd." On April 20, 1919, the plaintiff demanded of the defendant the payment of a month's rent, which the defendant refused to pay. On April 25, 1919, the plaintiff served on the defendant the following notice: "Boston, Mass. April 25, 1919. Mrs. Mary Lawlor, Dear Madam: I hereby notify you to quit and deliver up in fourteen days from the date thereof the premises which you now hold as my tenant at 29 Upton St. in the city of Boston. . . . Michael W. Dowd." The plaintiff has not asked of the defendant any rent since April 20, 1919, when the defendant refused to pay him rent; and he received the keys from the defendant on May 25, 1919, she occupying the premises until May 22 or 23, 1919. Sometime after April 25 and before April 29, the plaintiff took formal possession of the mortgaged property in said premises, and caused his attorney to write the following letter to the defendant: "April 28, 1919. Mrs. Mary Lawlor, 29 Upton St. Boston, Mass. Dear Madam: As you are aware, Mr. Dowd has started to foreclose the mortgage of personal property at 29 Upton St., which you gave him in March. He has also taken possession of the same, and therefore you have no right to remove the furniture etc. from 29 Upton St. even though he has given you notice to quit the premises. Sincerely Yours, . . . ." The foregoing is stated to be "all the evidence material to the question reported."

The defendant in the Municipal Court presented certain requests for rulings. He now argues those numbered 1, 3 and 4; and we assume waives those numbered 2 and 5.

The request for a ruling "That upon all the evidence in the case the finding should be for the defendant," was properly refused. The facts establish that on April 21, 1919, the defendant by her contract of March 20, 1919, was obligated to pay the plaintiff

$75 as advance rent. The premature demand of the rent by the plaintiff on April 20, 1919, and the justifiable refusal of payment by the defendant, had no legal effect on the rights arising under the contract. The plaintiff was not required to demand the payment of rent at the time it became due and payable as a condition to his right to sue for its recovery. Nor was he required to make such demand as a condition to his right to determine the tenancy at will upon the failure, neglect or refusal of the defendant to pay the rent when it fell due. R. L. c. 129, § 12. G. L. c. 186, § 12. *Kimball* v. *Rowland,* 6 Gray, 224. *Hodgkins* v. *Price,* 137 Mass. 13, 18.

The finding of the Municipal Court that the plaintiff did not evict the defendant from the premises is supported as a finding of fact and as a ruling of law by the reported facts, which show that the defendant had the use and actual possession of the premises and mortgaged furniture until she surrendered the premises and delivered the keys to the plaintiff on May 25, 1919. It follows that the requests for rulings numbered 3 and 4 were refused rightly, and that the order "Report dismissed" must be affirmed.

*So ordered.*