### GEORGE W. JOHNSON *vs.* JOHN A. KERNS, executor.

Bristol.   October 22, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Probate Court,* Jurisdiction; Fraud upon the court; Decree: revocation.
   *Fraud.*

At the hearing of a petition by an uncle, who was the sole heir-at-law and next
   of kin of a testatrix, for the revocation of a decree of a Probate Court allow-
   ing an instrument as her last will, the ground for revocation alleged being
   that the respondent as executor and residuary legatee had practised a
   fraud on the court, the evidence was reported in full and the judge found
   the following facts in substance: After the funeral of the testatrix, the
   respondent read the will in the presence of several relatives and legatees,
   including the uncle and, at the request of the wife of one of the cousins,
   said he would send a copy of it to her for the use of a group of relatives,
   which included the uncle.   No such copy was sent until twenty-one days
   after the will was allowed, although the executor had been twice reminded
   of his promise.   The executor erroneously inserted in the petition for pro-
   bate the names of five cousins as heirs in addition to that of the uncle and,
   before filing the will, informed one of the relatives that he believed the
   cousins and the uncle were the heirs, and that relative repeated such state-
   ment to the uncle.   At the hearing on the petition for probate, the judge
   informed the executor that the cousins were not heirs and that their names
   improperly were inserted in the petition for probate.   The executor said
   nothing to the judge in reply and did not inform the judge that he had mis-
   informed the relatives.   A copy of the citation ordered by the court upon

the petition for proof of the will was sent to the uncle. The uncle did not rely on the executor to send to him a copy of the will before probate, but " without sufficient excuse " neglected to enter his appearance before the return day. No person appearing in opposition, the will was allowed upon the testimony of one witness only. The judge refused to find on controverted evidence that the respondent was guilty of undue influence in causing the making of the will, largely in his favor, or that he had been guilty of practising fraud upon the court. *Held,* that

(1) The evidence warranted the findings of fact by the judge;

(2) A request for a ruling that the executor had committed a fraud upon the court properly was refused;

(3) The delay by the executor in fulfilling his promise, made to the wife of a cousin, not next of kin of the testatrix, to send her a copy of the will, did not as a matter of law constitute a fraud either upon the court or upon the uncle, the sole next of kin;

(4) The judge of probate was not misled by the error of the executor in inserting in his petition the names of persons other than the uncle, the sole next of kin;

(5) As the facts appeared at the hearing of the petition for the proof of the will, the court had jurisdiction under G. L. c. 192, § 2, to admit the will to probate upon the testimony of only one of the subscribing witnesses.

The jurisdiction of the Probate Court to administer the estate of a deceased person is unaffected by the failure of the petitioner for administration or for proof of a will to state with accuracy the names and addresses of persons interested in the settlement of the estate, provided due notice of the petition is given to persons interested in accordance with an order of the court.

PETITION, filed in the Probate Court for the county of Bristol on May 9, 1921, and subsequently amended, for the revocation of a decree of that court dated March 18, 1921, allowing a certain instrument as the last will and testament of Anna J. Borden, late of Fall River, and appointing the respondent John A. Kerns executor.

In the Probate Court, the petition was heard by *Hitch,* J., a stenographer being appointed under G. L. c. 215, § 18, to take the evidence.

The petitioner asked for the following rulings of law:

" 1. That upon all the evidence the decree of the Probate Court allowing and probating the will of the late Anna J. Borden should be revoked and rescinded.

" 2. That there was error and mistake in allowing and probating the will of the late Anna J. Borden, such as requires the revocation of the decree allowing said will for probate.

" 3. That fraud was practised upon the court, which went to the jurisdiction, by the said John A. Kerns the respondent.

" 4. That said John A. Kerns did prevent the said George W. Johnson from contesting the probate of the will and that said prevention was a fraud upon the court.

" 5. That said decree of probate of the said will should be revoked, for that a copy of the citation was not sent to the said George W. Johnson.

" 6. That a fraud was practised upon the court by the said John A. Kerns by failing to disclose to the court at the time of the probating of the will that he was the residuary legatee and had been the attorney at law of the deceased at the time of the execution of the will.

" 7. That there was fraud practised upon the court sufficient to revoke the decree of probate of the will when the said John A. Kerns failed to inform the court on March 18, 1921, that he had represented to the said George W. Johnson that the said George W. Johnson was not the sole heir at law."

The petition was dismissed by a decree which is described in the opinion. The petitioner appealed.

*D. Silverstein,* for the petitioner.

*J. W. Cummings,* for the respondent.

PIERCE, J. The decree appealed from, omitting the caption and the time and place of the sitting of the court, reads: " On the petition of George W. Johnson of Bridgeport in the State of Connecticut praying that the decree of this court dated March 18, 1921, allowing the will of Anna J. Borden, late of Fall River in said county, deceased, and appointing John A. Kerns executor thereof be vacated. All persons interested having had due notice of said petition, and objection being made and after hearing, it appearing to the court that the petitioner had notice that said instrument was to be offered for probate and without sufficient excuse therefor neglected to enter his appearance on or before the return day and it not appearing that any fraud was practised on the petitioner or on the court and no evidence having been presented which would justify setting aside said

will and the allegations of the petition not having been proved, it is decreed that said petition be dismissed."

At the conclusion of the voluminous evidence, which is reported, the petitioner presented written requests for rulings and findings of fact. Thereupon the judge, in substance, found that on March 18, 1921, the will of Anna J. Borden was allowed by the judge of probate on the testimony of one witness; that no appearance had been entered against the probate of the will; that it appeared to the court that no person interested in the estate intended to object to the probate of the will; that the respondent, John A. Kerns, who presented the will, had no notice or knowledge that any such person intended to object; that the petitioner for the probate of the will inserted in the petition for the probate of the will, as the heirs at law, the uncle and cousins of the deceased; that the names of the cousins were erroneously inserted, as the uncle was the sole heir and next of kin; that Judge Alger before the probate of said will said to John A. Kerns, the respondent, " You set forth cousins here and there is an uncle . . . the cousins are not heirs, they should not have been set forth," and that Kerns did not say anything in reply; the judge refused to find, as requested by the petitioner, that " John A. Kerns did inform the petitioner that all the cousins and he as the only surviving uncle were the heirs at law on March 2, 1921, the day of the funeral in Fall River."

The judge further found that " on March 1, 1921, John A. Kerns obtained the names of the cousins, whose names were inserted in the petition as heirs at law, from Mrs. Mary S. Johnson [the wife of a cousin of the testatrix] and Martha Stapleton [a cousin of the testatrix] and he believed that the cousins and the uncle were the heirs at law and so informed Mrs. Mary S. Johnson and she afterwards told the petitioner what Mr. Kerns had said;" " that after the funeral the petitioner [*sic*]* read the will to certain relatives and legatees, including the petitioner; that Mrs. Mary S. Johnson

---

* The testimony shows that it was Mr. Kerns who thus read the will.

requested a copy of the will be sent to her for the use of the Johnsons in Bridgeport and Mr. Kerns said that he would send it and that the petitioner afterwards reminded him of it, and he said he would send it. It was not sent for some time and Mrs. Johnson wrote Mr. Kerns about it and he sent her a copy in letter dated April 8, 1921." The judge refused to find, as requested, that the petitioner, George W. Johnson, relied upon the said John A. Kerns to send him a copy of the will pending its probate.

The judge further found that John A. Kerns sent a copy of the citation on the petition for proof of the will to the said George W. Johnson, as ordered; that in the statement given to the newspapers on March 4, 1921, by John A. Kerns no mention was made of the fact that an uncle survived the deceased, or that John A. Kerns was the residuary legatee; that the newspapers to which the statement was given were the Fall River Daily Globe and the Fall River Evening News, both published in Fall River. The judge refused to find, as requested, that said publication was published by the said John A. Kerns for the purpose of concealing the fact that there was an uncle surviving, and concealing from the public that Kerns was to be the residuary legatee under the will. The judge found that the publication represented that the only heirs at law were cousins; that said John A. Kerns knew that there was an uncle alive when he caused to be published the said statement in the said two newspapers.

The judge refused to find that said John A. Kerns in 1918 was told that the late Anna J. Borden used "dope," and that the said John A. Kerns said "You did not have to go very far or ask many to find that out," and found that there was a representation made to the said John A. Kerns at one time that the said Anna J. Borden used dope, but it was not made under such circumstances that he placed great credit upon it, and he made no inquiries or investigation as to the truth or falsity of that representation. He found that the said John A. Kerns was the sole legal adviser of the late Anna J. Borden from the time of her husband's death in November, 1917, until the day of her death, except as

appears in his findings hereinafter stated. He refused to find that John A. Kerns was guilty of undue influence in causing the will of the late Anna J. Borden to be executed, and in causing himself to be named residuary legatee and executor; that John A. Kerns committed a fraud upon the court by concealing from the court the fact that he had misrepresented to the petitioner, the said George W. Johnson, that he was not the sole heir at law, but that he and the five cousins were together the heirs at law; and that there is an error and mistake at law as the original petition stands now before the court. He found that John A. Kerns as residuary legatee receives a substantial portion of her estate, which is probably worth appreciably in excess of the inventory.

He refused to find that the said John A. Kerns did fail to state in the memorandum, drafted by him at the request of Anna J. Borden, the relationship of the petitioner to the deceased, in order to conceal from the public the fact that there was an uncle; that the memorandum, Exhibit X, was written on the typewriter by the said John A. Kerns himself, and that the said John A. Kerns did telephone to an attorney at law in order to rewrite said purported will substantially as set forth in the memorandum; and he found in place thereof that the memorandum, Exhibit X, was written on a typewriter by John A. Kerns after consultation with Anna J. Borden, and that the said John A. Kerns stated that he could not write the will himself and telephoned to a well known and reputable lawyer in Fall River, making an appointment for Anna J. Borden to see him for the purpose of having her will drawn; that he gave the memorandum to Mrs. Borden to take to their lawyer, who after consultation with Anna J. Borden drew the will substantially in accordance with the memorandum as to all important items.

Upon the above facts the petitioner contends that such fraud in law upon the judge who allowed the will appears, as required that the court on his petition should have revoked the decree allowing the will for probate. In the order followed in the brief of the petitioner those facts succinctly stated are: (a) that Kerns on March 18, 1921,

when he presented the will to Judge Alger for probate, failed to inform the court, when told that the uncle was sole heir at law, that he (Kerns), on March 1, 1921, had told Mrs. Johnson, who in turn told the petitioner, that the cousins and uncle were heirs at law; (b) that Kerns when he appeared before Judge Alger should have informed the judge, when told by the judge that the uncle was the sole heir at law, that he (Kerns) immediately after the funeral on March 2, 1921, had represented to all gathered there, including the uncle (George W. Johnson), Mrs. Martha Stapleton and Mrs. Mary S. Johnson, that the citation would be sent to the heirs, the word " heirs " and not the word " heir " being used; (c) that Kerns did not inform the judge of probate on March 18, 1921, that on March 4, 1921, he had given a statement to the newspapers which contained no mention of the fact that an uncle survived the deceased, although he knew that there was an uncle alive when he caused the statement to be published; and (d) that he did not inform the judge on March 18, 1921, that he had not sent a copy of the will to Mary S. Johnson for the use of the Johnsons, as on March 2, 1921, he had promised Mrs. Johnson to do.

The petitioner argues that the nondisclosure of the facts enumerated in (a), (b), (c) and (d) of his brief constitutes a fraud upon the court because, as he conceives, the court, had it knowledge of such facts, " would have insisted that the said George W. Johnson be correctly informed of his true status, by registered letter, or by such other method as the court would deem proper."

The above facts do not find any intentional nondisclosure by Kerns to the judge of the fact that, in mistake of the law, he had innocently misstated that the uncle and cousins were heirs at law of Anna J. Borden, and he had inserted their names and relationships to the deceased, and the name and relation of the uncle, in the petition for probate. In addition, the judge found that Kerns sent to the petitioner, an heir at law and next of kin named in the petition, a citation on the petition for proof of the will; that the petitioner knew there was a will; that he heard it read immediately after the funeral and had notice that the will was to be offered

for probate. Had the judge known of the facts relied on to prove that the nondisclosure was a fraud on the court, it does not follow that he would have directed, much less insisted, that the petitioner should be informed in some appropriate method that the petitioner was the sole heir at law. In this regard the judge rightly refused to rule that any fraud was practised on the court. The delay in sending the copy of the will to Mrs. Johnson until after the probate of the will, clearly was not a fraud either on the court or on the petitioner. The judge was not misled by the error of inserting in the petition the names of persons, in addition to that of the petitioner, as persons interested in the estate, and the jurisdiction of the Probate Court to administer the estates of deceased persons is unaffected by the failure of a petitioner to state with accuracy the names and addresses of persons interested in the settlement of the estate. The object of the statement of names and relationship in the petition and the purpose of the citation on petitions for probate administration have been accomplished if the notice is received in time by persons interested to enter an appearance and contest the appointment. *Bonnemort* v. *Gill*, 167 Mass. 338, 340. *Renwick* v. *Macomber*, 233 Mass. 530, 532. *Harding* v. *Brown*, 227 Mass. 77. As the facts appeared to the court at the hearing it had jurisdiction under G. L. c. 192, § 2, to probate the will upon the testimony of only one of the subscribing witnesses. *Renwick* v. *Macomber, supra*. *Goodrich* v. *Hanson*, 238 Mass. 313, 317. The refusal of the court to rule as requested, that fraud was practised on the court, is supported by the findings of fact, which must stand as, upon the evidence reported, it cannot be said they are plainly wrong. *Dowd* v. *Lawlor*, 238 Mass. 310, 313. *Lazenby* v. *Henderson*, 241 Mass. 177, 181. *Colburn* v. *Hodgdon*, 241 Mass. 183, 190.

It results that the decree must be affirmed.

*So ordered.*