ELIZABETH M. CLARKE *vs.* OTIS W. CLARKE.

Norfolk.　November 7, 1927. — January 14, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Jurisdiction, Decree.　*Marriage and Divorce.*

If, previous to January 1, 1922, the effective date of St. 1921, c. 466, § 2, which amended G. L. c. 208 by adding § 9A, a libel for divorce was entered in the Superior Court and an appearance for the libellee was entered therein, and, after that effective date, the appearance for the libellee was withdrawn leaving the libel uncontested, a motion by the libellant, then made, that the libel be transferred to the Probate Court properly may be allowed, and the Probate Court, under said § 9A and G. L. c. 215, § 3, as amended by St. 1921, c. 466, § 3, thereafter has jurisdiction of the case.

Allegations presented in a petition by a libellee filed three years and eight months after the entry of a decree absolute and seeking that such decree be vacated, to the effect that the petitioner had not committed adultery, which was the sole charge made in the libel; that she was induced to make admissions of guilt by the threats and duress to which she was subjected by the libellant; and that the libellant after the decree became absolute had made false representations and promises which he did not fulfill, furnish no ground for vacation of the decree, it appearing that the court had jurisdiction of the case and that the libellee had not been wrongfully deprived of her day in court.

PETITION, filed in the Probate Court for the county of Norfolk on August 31, 1926, to have vacated a decree absolute of divorce which had been entered on December 29, 1922, in a libel brought by the respondent against the petitioner.

The respondent demurred. The demurrer was heard by *Prest*, J., and was sustained, and a final decree was entered dismissing the petition. The petitioner appealed.

*D. Stahl,* for the petitioner.

*G. R. J. Boggs,* for the respondent.

BRALEY, J. The demurrer of the respondent admits all the material allegations of the petition. The respondent by decree of the court of probate for the county of Norfolk was granted on June 28, 1922, a divorce *nisi* from the petitioner which became absolute December 29, 1922. The present petition is brought by the libellee asking that the decree be vacated and the libel dismissed. The libel was entered in the Superior Court for the county of Norfolk, November 1, 1921, and personal service was made on the libellee who appeared by counsel March 17, 1922, but her appearance was withdrawn May 31, 1922, and on May 31, 1922, on motion of the libellant the case was transferred to the Probate Court where the decree was entered on an uncontested libel.

. It is contended that the Probate Court was without jurisdiction and the decree is a nullity. *Sumner* v. *Parker*, 7 Mass. 78. When the libel was filed the Superior Court had exclusive jurisdiction of libels for divorce. G. L. c. 212, § 3. But by St. 1921, c. 466, § 2, which took effect January 1, 1922, G. L. c. 208, was amended by adding § 9A, which provides that, "Any divorce case in which the libellee has not filed an appearance within the time limited by statute or by the rules of the Superior Court shall, upon motion of the libellant, be transferred to the Probate Court of the county where such case is entered, and thereafter the Probate Court shall have jurisdiction, exclusive of the Superior Court, of all questions arising in such case and shall have therein all the powers of the Superior Court in divorce cases, and the parties shall have the same rights in the Probate Court as they have had in the Superior Court." And St. 1921, c. 466, § 3, also amended G. L. c. 215, § 3, by giving to the Probate Court "jurisdiction of divorce cases transferred from the Superior Court under the provisions of section nine A of chapter two hundred and eight." The withdrawal by the libellee on May 31, 1922, of her appearance left the libel as uncontested and without any appearance when the motion of transference was allowed. The Probate Court therefore on the record had jurisdiction of the case.

It is further alleged that the petitioner had not committed

adultery as charged in the libel, the sole ground for divorce on which it was brought, and that she was induced to make admissions of guilt by the threats and duress to which she was subjected by the respondent.   But, even if it be assumed that these allegations show that because of threats and false representations and promises of the respondent she was induced not to contest the libel, there was no fraud as to domicil practised upon the court by the respondent as in *Edson* v. *Edson,* 108 Mass. 590.

The false representations of the respondent after the decree had become absolute, that he had been given the custody of their only child, and that he would make provision for the support of the child who was living with the petitioner as well as for her, which he has not done, cannot affect the validity of the decree.   The petitioner has not been wrongfully deprived of her day in court where she could have been heard on the questions of her alleged misconduct, and of the custody of the child, and of alimony.   *Zeitlin* v. *Zeitlin,* 202 Mass. 205.   *Renwick* v. *Macomber,* 233 Mass. 530.

> *Order sustaining demurrer affirmed.*
> *Decree affirmed.*