FREDERIC H. HILTON, public administrator, vs. ROSALBA
HOPKINS, administratrix.

SAME vs. SAME.

Middlesex.   December 3, 1930. — March 3, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Probate Court*, Jurisdiction; Decree: revocation; Appeal. *Executor and
Administrator*, Public administrator.

A woman, residing in this Commonwealth, died leaving property
here to be administered. A public administrator was appointed
under G. L. c. 194, § 4. Later one who represented that she was
asked to serve as administratrix by six named persons, represented
to be all the next of kin of the intestate and to be residing in the
Irish Free State, petitioned for appointment as administratrix, the
petition bearing an assent by an attorney purporting to represent all
such next of kin. Appearances to contest were entered by the At-
torney General and by the public administrator, who made an in-
vestigation and later withdrew their opposition but not their appear-
ances. Interrogatories were filed to five of the alleged next of kin
and were answered. No evidence to show that they were not next
of kin was offered. The petition was granted, no appeal was taken,
and the public administrator surrendered his letter of appointment.
Three months later, the public administrator filed a petition for revo-
cation of the decree appointing the administratrix on the ground
that the persons claiming to be next of kin were not such, and four
months thereafter a petition for her removal on the ground that she
was unsuitable. It did not appear that the administratrix was not
suitable to discharge her trust. The petition for her removal was
dismissed. The judge further found that the alleged next of kin
were not next of kin, but denied the petition for revocation of the
decree appointing the administratrix. The public administrator
appealed. *Held*, that

(1) The Probate Court was not without jurisdiction to appoint the
administrator: the petition was good upon its face and gave the
court full jurisdiction to hear and dispose of it;

(2) The Attorney General and the public administrator were ad-
versary parties and, so far as appeared, all parties in interest were
before the court and the issue as between the parties with respect to
that petition thus was determined by a court of competent jurisdic-
tion in the performance of a duty which it could not evade;

(3) In the circumstances, revocation of the decree properly was
denied.

Two PETITIONS, filed in the Probate Court for the county of Middlesex, respectively on June 3 and October 17, 1929, for revocation of a decree dated March 6, 1929, appointing the respondent administratrix of the estate of Mary Bahan, late of Framingham, and for her removal.

The petitions were heard in the Probate Court by *Campbell,* J. Material facts are stated in the opinion. The petitions were dismissed. The petitioner appealed.

*G. K. Richardson,* for the petitioner.

*F. L. Simpson,* for the respondent.

WAIT, J. This case is before us upon appeals by a public administrator from decrees dismissing petitions for revocation of a decree appointing Rosalba Hopkins administratrix of the estate of Mary Bahan, and for the removal of Rosalba Hopkins as administratrix. From the evidence taken by the stenographer at the hearings and the report of the judge the following facts appear: Mary Bahan, who for many years had resided in Framingham in the county of Middlesex, died there May 17, 1928. On June 28, 1928, Hilton, a public administrator pursuant to G. L. c. 194, § 4, petitioned for appointment as administrator of her estate, alleging that Mary Bahan had died intestate leaving property in Middlesex County to be administered and that there was no known husband or heir living in the Commonwealth. The petition was granted on July 20, 1928. Hilton took out letters and proceeded with the administration;· but on November 2, 1928, Rosalba Hopkins filed a petition alleging the death of Mary Bahan "also called Mary Behan" leaving no husband, and as her only heirs at law and next of kin six named persons, residents of the Irish Free State, two nephews and four nieces, who requested her to act, and praying that "she, or some other suitable person, be appointed administratrix." This petition, under the caption "The undersigned, being all the persons interested residing in the Commonwealth who are of full age and legal capacity, hereby assent to the foregoing petition," bore the names of the six persons alleged to be heirs "By Chester J. O'Brien, Their attorney in fact." The Attorney General

appeared to object for the Treasurer of the Commonwealth. Hilton also entered an appearance. Interrogatories were filed to five of the six alleged to be heirs and answers thereto were filed. Investigation was made by the Attorney General and by counsel for Hilton. When the petition came up for hearing, the Attorney General and Hilton filed written statements that they did not care to be heard and withdrew their opposition; but they did not withdraw their appearances. Thereupon Rosalba Hopkins was appointed by decree dated March 6, 1929. This decree recited that the petition had been considered, " it appearing that all the next of kin of said deceased reside without the Commonwealth and have assented thereto ... a hearing had thereon and objections subsequently being withdrawn and it further appearing that the petitioner is a competent and suitable person." No general citation was issued on the petition. The issue tried at the hearing was whether or not those representing themselves to be heirs at law were in fact such heirs. No evidence to show that they were not was produced in court. No appeal was taken. On March 14, 1929, Hilton surrendered his letter of appointment. His account was allowed April 15, 1929, and he turned over the assets of the estate to Rosalba Hopkins as administratrix.

On June 3, 1929, Hilton, as public administrator, filed a petition to revoke the decree of March 6, 1929, alleging that the persons claiming to be nephews and nieces of Mary Bahan were not related to her in any way. On October 17, 1929, he filed a petition for the removal of Rosalba Hopkins as administratrix, which alleged that the persons claiming to be heirs at law of Mary Bahan were not related to her in any way and that the administratrix was unsuitable. Depositions were taken and filed in court. The petitions were heard together on May 22, 1930. Both petitions were dismissed on June 12, 1930. From the evidence the judge was satisfied that the claimants were not heirs at law of Mary Bahan, but he could not find that there was fraud in the procurement of signatures to the power of attorney by virtue of which claim was made, nor

any fraud in the claims made. All parties may have acted in good faith. He dismissed the petition for revocation as matter of law in reliance upon "Renwick vs. Macomber [233 Mass. 530] and other cases dealing with revocation of decrees." He wrote to counsel that he found as a fact that the claimants were not heirs at law of Mary Bahan, but dismissed the petition as matter of law "as it appeared that upon the petition for appointment of the administratrix the Attorney General or public administrator could or should have presented the same evidence that they presented to me under date of May 22, 1930."

Nothing is reported to show that the administratrix is not a capable and suitable person to discharge her trust. We find no error in the dismissal of the petition for her removal.

The decision with regard to the petition for revocation is put upon the ground that it was required as matter of law in the circumstances. The appellant contends that in the circumstances, on the contrary, the court was without jurisdiction to make the appointment. This contention is not sound. The jurisdiction of the Probate Court of the county rests primarily upon the fact that the decedent was resident within the county leaving property requiring to be administered within the county. G. L. c. 190, § 3. There is no dispute that one Mary Bahan had lived in the county and had died there leaving personal property within it. A petition for administration good upon its face was filed. This gave full jurisdiction to hear and dispose of the petition. *Bianco* v. *Piscopo*, 263 Mass. 549.

Notice was given to the public administrator then in possession of the property of the decedent, and to the Treasurer of the Commonwealth, to which, in default of heirs, next of kin or husband, the property would escheat. The Commonwealth had an adversary interest. Although under our laws, G. L. c. 190, §§ 2, 3 (7), the title to the decedent's property would ultimately pass to the Commonwealth by escheat after the payment of her debts and the charges of administration, if no husband, heir or next of kin were shown to exist, nevertheless it would not vest

nor become complete in the Commonwealth except upon a judicial determination by the court. *Wilbur* v. *Tobey*, 16 Pick. 177. *Thompson* v. *Bright*, 1 Cush. 420. *Foss* v. *Crisp*, 20 Pick. 121. G. L. c. 184, § 1; c. 190, § 2. *McClellan* v. *Carland*, 217 U. S. 268. *Hamilton* v. *Brown*, 161 U. S. 256. The public administrator was also an adversary party. He held such title as is in an administrator by virtue of a valid appointment. So far as appears no husband or other heirs or kin are known. All parties in interest were before the court. The judge, on competent evidence, found as against the public administrator and the Commonwealth that those who claimed to be next of kin were so in fact. The issue as between the parties with respect to that petition thus was determined by a court of competent jurisdiction in the performance of a duty which it could not evade.

*Renwick* v. *Macomber*, 233 Mass. 530, does not decide that a probate court is without jurisdiction to revoke or avoid a decree formerly made from which no appeal was taken. It decides that on the facts before it there was no valid ground for revocation of the earlier decree. Nor does *Pepper* v. *Old Colony Trust Co.* 262 Mass. 570, so decide in dealing with a decree after rescript which stands on a different ground. See *Pepper* v. *Old Colony Trust Co.* 268 Mass. 467; *Cleveland* v. *Quilty*, 128 Mass. 578. The powers of the court on proper application to revoke or avoid an earlier decree are well established. *Waters* v. *Stickney*, 12 Allen, 1. *Gallagher* v. *Sullivan*, 251 Mass. 552. *Fuller* v. *Fuller*, 261 Mass. 82. *Sullivan* v. *Sullivan*, 266 Mass. 228. *Pepper* v. *Old Colony Trust Co.* 268 Mass. 467. *Jordan* v. *Turnbull*, 242 Mass. 317. *Johnson* v. *Kerns*, 247 Mass. 92. *Clarke* v. *Clarke*, 262 Mass. 297. *Goss* v. *Donnell*, 263 Mass. 521. *Holyoke National Bank* v. *Dulitzky*, 273 Mass. 125. See *Phillips* v. *Phillips*, 241 Mass. 47. We think that no party who has had notice and who has been heard in the proceedings that culminate in the decree which he seeks to have revoked should have revocation in the circumstances here disclosed. In the matter before us the judge has decided that the evi-

dence offered on revocation is not properly newly discovered evidence. The judge was right in his ruling.

We think that the public administrator should be allowed his reasonable costs and expenses in the proceedings out of the estate. The decree should be modified to provide for such allowance in the discretion of the judge of probate. As so modified the decree is affirmed.

*Ordered accordingly.*