FREDERICK W. McLAUGHLIN *vs.* JAMES J. FEERICK.

SAME *vs.* SAME.

SAME *vs.* SAME.

SAME *vs.* SAME.

Middlesex.    May 12, 1931. — June 24, 1931.

Present: CROSBY, CARROLL, WAIT, & FIELD, JJ.

*Probate Court,* Jurisdiction; Decree: revocation.

A woman, whose sole heir at law and next of kin was a minor son in the United States Navy, last heard from in Manila, Philippine Islands, died intestate on April 19, 1927. Thirteen days later one alleging herself to be a creditor filed a petition in·the Probate Court for the appointment of an administrator, reciting the above facts and stating that the son resided in "Newton." The son was over nineteen years of age and when he entered the navy was a resident of Newton in this Commonwealth. The petition was allowed and an administrator was appointed on May 24, 1927, the decree reciting that all persons interested had "had due notice according to the order of the court, no person objecting thereto." In February, 1929, after the son became of age, the court allowed petitions for authority to compromise claims and for leave to sell real estate to pay debts, the first after service upon and without opposition by the son, and the second with his express assent, and thereafter the son petitioned for revocation of the decree appointing the administrator, alleging lack of jurisdiction and conspiracy to defraud him. The petition was dismissed. *Held,* that

(1) The facts did not present a case within any of the exceptions to the general rule that, when a final decree is entered in a proceeding in a probate court, the case is finally disposed of subject to a right of appeal, and that fraud in the presentation of the case in which the decree was entered is not a ground for the revocation of the decree;

(2) The son, although absent on naval service when the petition for the appointment of an administrator was brought, was at the time

a resident of this Commonwealth, and living, within the meaning of the statute, in this Commonwealth;

(3) The court had jurisdiction to make the appointment under G. L. c. 193, § 1, as amended by St. 1928, c. 216: G. L. c. 194, § 4, did not apply;

(4) The petition properly was dismissed; it was not necessary to consider laches of the petitioner.

The son, in the circumstance above described, later filed petitions to revoke the decrees granting the administrator authority to compromise claims and to sell real estate to pay debts, which properly were dismissed, it appearing that the decrees were made after the son became of age, the first without opposition by him and the second with his express assent in writing.

FOUR PETITIONS, filed in the Probate Court for the county of Middlesex respectively on February 20, 1929, June 20, 1929, and March 12, 1930, and described in the opinion.

It appeared that the intestate died on April 19, 1927; that the petition for appointment of an administrator was sworn to on April 23, was filed on May 2, 1927, and was allowed on May 24, 1927, the decree stating "that all persons interested have had due notice according to the order of the court, no person objecting thereto." There was in the record no copy of the citation issued on the petition. In the petition it was alleged that Frederick W. McLaughlin resided in "Newton"; was a "Son (minor)" of the intestate "(In U. S. Navy. Last heard from at Manila, P. I.)." Other material facts are stated in the opinion.

The petitions were heard by *Harris*, J., by whose order there were entered final decrees dismissing them. The petitioner appealed.

*E. J. Davis*, (*S. Abrams* with him,) for the petitioner.

*L. A. Mayberry*, (*H. L. Barrett, R. F. Bradford & G. F. McKelleget* with him,) for the respondent.

CARROLL, J. Nellie Elizabeth McLaughlin died intestate April 19, 1927. On the petition of Sarah McLaughlin, an alleged creditor, filed on May 2, and allowed on May 24, 1927, James J. Feerick was appointed administrator. The petition for the appointment of an administrator alleged that the intestate died possessed of goods and estate remaining to be administered, "leaving no husband, and as her only heirs-at-law and next of kin . . . Frederick W.

McLaughlin [of] Newton [her] son . . . (In U. S. Navy. Last heard from at Manila, P. I.)." The administrator, by a decree of the Probate Court, was authorized to sell the real estate of the intestate and to adjust by compromise certain claims against the estate.

Frederick W. McLaughlin, who became of age June 4, 1928, brought four petitions in the Probate Court alleging that he was the legally adopted son of Nellie Elizabeth McLaughlin; that at the time of her death he was her only heir and was then in the service of the United States Navy in China; and that Feerick was appointed administrator of the estate of the intestate. The petitions also allege that Feerick, Sarah McLaughlin, Mary McLaughlin, Edward McLaughlin and Dennis M. Cronin conspired to defraud the petitioner by securing the approval of the Probate Court of fictitious claims and by concealing from the petitioner and the court property of the intestate's estate; that the administrator was permitted to compromise certain claims and to sell real property of the estate to pay these claims; and that the allowance of the administrator's final account was approved through fraud. The four petitions are (1) a petition to revoke the decree appointing Feerick administrator; (2) a petition to revoke the decree authorizing a compromise of claim; (3) a petition to revoke the decree licensing the sale of real estate; and (4) a petition for the removal of Feerick as administrator and for a revocation of the decree allowing his final account. In the Probate Court the petitions were dismissed. The petitioner appealed.

The petitions based on the alleged fraud were properly dismissed. It is a general rule that when a final decree is entered in an equity suit, the case is finally disposed of subject to a right of appeal, and fraud in the presentation of the case in which the decree was based is not a ground for the revocation of the decree. The reason for the rule was stated by Knowlton, C.J. in *Zeitlin* v. *Zeitlin*, 202 Mass. 205, at page 207: "It is in the interests of justice that, after a trial and final judgment in a case, the matters heard and adjudicated shall not be opened for a further hearing because of a supposed error in the determination of facts by the tribunal

that heard the evidence. A contention that some part of the material testimony was false might be made with plausibility in a large proportion of the cases that are tried." This rule applies to decrees of probate courts. *Renwick* v. *Macomber*, 233 Mass. 530, 534. *Fuller* v. *Fuller*, 261 Mass. 82. *Clarke* v. *Clarke*, 262 Mass. 297. *Pepper* v. *Old Colony Trust Co.* 262 Mass. 570. *Holyoke National Bank* v. *Dulitzky*, 273 Mass. 125. There are exceptions to the general rule: a probate court can correct errors in its decrees, *Waters* v. *Stickney*, 12 Allen, 1, *Harris* v. *Starkey*, 176 Mass. 445; a decree may be revoked if procured by fraud which induced the court to take jurisdiction it did not have, *Sampson* v. *Sampson*, 223 Mass. 451, 461, 462; a decree may also be vacated if the fraud operates to deprive an interested party of his day in court, *Child* v. *Clark*, 231 Mass. 3. See *Tucker* v. *Fisk*, 154 Mass. 574; *Sullivan* v. *Sullivan*, 266 Mass. 228. The facts in the case before us bring it within the general rule and not within the exceptions. See *Hilton* v. *Hopkins*, 275 Mass. 59.

The original petition for authority to compromise the claims against the estate was dated May 9, 1928. The presiding judge made a notation that the citation should not be returnable before June 4, when Frederick W. McLaughlin, the present petitioner, would be of age. The citation was in fact returnable June 11 and was served by delivery of a copy to all persons interested, including the present petitioner. He did not appear in opposition to this petition. He was of full age and had ample opportunity to oppose the petition to compromise if he so desired. The petition to revoke this decree was properly dismissed. The decree to sell the real estate was dated June 20, 1928. This decree was based upon a petition which was assented to by the present petitioner. He was of full age and the fact that he was without business experience is not a ground for the revocation of this decree.

The petitioner contends that the decree appointing Feerick administrator should be revoked on the ground that under G. L. c. 193, § 1, St. 1928, c. 216, the Probate Court had no power to make the appointment. The Probate Court of Middlesex County had jurisdiction to appoint an adminis-

trator of the estate of Nellie E. McLaughlin on a petition filed by an alleged creditor. *McDonald* v. *O'Dea*, 256 Mass. 177. *Bianco* v. *Piscopo*, 263 Mass. 549. The intestate left property and there was an alleged creditor who desired payment under the statute. The present petitioner, although absent on naval service when the petition for the appointment of an administrator was brought, was at the time a resident of this Commonwealth, and living, within the meaning of the statute, in this Commonwealth. His home was in Newton when he entered the navy and he was living there when his petitions were brought. His domicil remained in Newton while he was absent on naval service. *Sampson* v. *Sampson*, 223 Mass. 451, 461. *White* v. *Stowell*, 229 Mass. 594, 597. See *Marlborough* v. *Lynn*, 275 Mass. 394. The statutes bearing on this question, G. L. c. 193, § 1, St. 1928, c. 216, were construed in *Waverley Trust Co., petitioner*, 268 Mass. 181, and it was there held that the Probate Court had authority to appoint a suitable person as administrator. G. L. c. 194, § 4, is not relevant to the case at bar. That statute applies to public administrators. As there was an heir of the intestate living in this Commonwealth within the meaning of these words as used in the statute, the judge in the exercise of a sound judicial discretion could appoint a suitable person as administrator. The judge must have found that Feerick was a suitable person. We cannot review that decision in these proceedings.

There are certain allegations of fraud set out in the petitions by which it is asserted that the petitioner assented to or did not object to the petitions and final account of the administrator. These statements of fraud are too general to afford relief to the petitioner. See *Gale* v. *Nickerson*, 144 Mass. 415, 419. They allege that his attorney was the attorney for the alleged creditors; the petitioner apparently consented to this arrangement and at least it does not appear that he was ignorant of the fact. Whatever rights he might have under G. L. c. 206, § 19, to reopen the final account of the administrator, he assented to the final account, and is presumed to have known and agreed to the various items. *Thompson* v. *DeVisser*, 219 Mass. 40.

The appointment of the administrator in the petitioner's absence was in accordance with law. The petitioner had notice of the compromise of the claims; he assented to the license to sell real estate and the allowance of the final account. Nothing is shown in the various petitions to warrant a revocation of the decrees. We do not think it necessary to consider the question of the petitioner's laches.

*Decrees affirmed.*